IN THE SUPREME COURT OF THE STATE OF DELAWARE

JASON BURCHFIELD, § 
§ No. 400, 2018
Defendant Below, §
Appellant, § Court Below: Superior Court of the
§ State of Delaware
v. §
§ Cr. ID No. 1002006119 (N)
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: November 2, 2018
Decided: January 14, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

**O R D E R**

(1)    In 2010, the appellant, Jason Burchfield, was sentenced to twenty-five years of incarceration for first-degree robbery and to eight years of incarceration for second-degree assault, suspended after three years and two years respectively, for decreasing levels of supervision.  On July 10, 2018, the Superior Court found Burchfield in violation of probation ("VOP") and re-sentenced him.  It was Burchfield's fourth VOP in his 2010 case.

(2)    In his first of two claims on appeal, Burchfield contends that there was insufficient evidence to support the Superior Court's July 10, 2018 finding that he violated probation.  The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that Burchfield's

claim is without merit. We agree with the State's position. The transcript of the VOP hearing reflects that Burchfield admitted the charged violation that he failed to report to probation meetings as required.[1] Burchfield's admission is sufficient evidence to justify the Superior Court's finding that he violated probation.[2] His claim of insufficient evidence is without merit.

(3)     In his second claim on appeal, Burchfield contends that the Superior Court imposed an illegal VOP sentence when re-sentencing him for the second-degree assault conviction. The State agrees with Burchfield's contention, and having reviewed the record, we do too.

(4)     When sentencing Burchfield for his second VOP on September 27, 2016, the Superior Court imposed, in relevant part, eight years of Level V incarceration suspended for probation for the second-degree assault conviction. One month later, on October 31, 2016, the Superior Court issued an order correcting the VOP sentence by changing the Level V time imposed for the second-degree assault conviction from eight years to six years. Unfortunately, that correction was not reflected in the VOP sentences imposed in 2017 and 2018 for Burchfield's third and fourth VOPs. In the 2017 and 2018 VOP sentences, the Superior Court imposed

---

[1] Hr'g Tr. at 5, 7 (July 10, 2018).
[2] *Smith v. State*, 2014 WL 637057 (Del. Feb. 6, 2014) (citing *Jenkins v. State*, 8 A.3d 1147, 1154 (Del. 2010).

2

seven years and nine months of Level V incarceration for the second-degree assault conviction.

(5) When sentencing a defendant for a VOP, the Superior Court is authorized to impose any period of incarceration—up to and including the balance of incarceration remaining on the original sentence—so long as the defendant is given credit for all incarceration previously served and the sentence does not exceed the incarceration that a prior iteration of the sentence left suspended.[3] In this case, when imposing seven years and nine months of Level V incarceration for the second-degree assault conviction in the 2017 and 2018 VOP sentences, the Superior Court exceeded the six-year limit set by its October 31, 2016 order.[4] To that extent, the 2017 and 2018 VOP sentences are illegal and corrective action is warranted.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The finding that Burchfield violated probation is AFFIRMED. This matter is REMANDED to the Superior Court with instructions to re-sentence Burchfield for second degree assault—VN10-02-1706—in accordance with the Superior Court's order of October 31, 2016 and the findings and conclusions in this Order. Jurisdiction is not retained. The mandate shall issue forthwith.

BY THE COURT:
*/s/ Gary F. Traynor*
Justice

---

[3] *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).
[4] *Id.* (finding error in a VOP sentence that exceeded the parameters of a prior VOP sentence).